

**FILED**

**9:45 am, 6/13/24**

**Margaret Botkins**
**Clerk of Court**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF WYOMING

RANDY PICKERING *also known as* Randy Ray Pickering,

Plaintiff,

vs.

CORIZON HEALTH INC *also known as* Yes Care *also known as* Tehum Care, MARK WATT *individually*, MARY MORENO *individually*, JOEY REINHART *also known as* Mrs Reinhart, KATIE ALDRICH *individually*,

Defendants.

Case No. 2:22-CV-00153-ABJ

ORDER DENYING MOTION FOR ORDER
"For an In Person Justice Computer Screen Visit or Physically with Respected Justices and Habeas Claim Instanter Habeas Petition" [ECF No. 148]

Before the Court is Plaintiff's Motion for Order "For an In Person Justice Computer Screen Visit or Physically with Respected Justices and Habeas Claim Instanter Habeas Petition" ("Motion"). ECF No. 148. The Court, having reviewed the Motion, the case file, and being otherwise fully advised in this matter, FINDS that the Motion should be DENIED.

The Motion itself is concerning and has a level of incomprehensible gibberish that is tantamount to random rantings by Plaintiff. The Motion encompasses three pages and begins its request with "Dear supreme court justices" and continues to talk about being "under attack natured habeas[.]" *Id.* at 1-2. The Court recognizes Plaintiff represents himself, and therefore the Court must construe his filings liberally. *U.S. v. Hald*, 8 F.4th 932, 949, n. 10 (10th Cir. 2021) (A pro se party's filings must be held to a less stringent standard than those drafted by attorneys); *Johnson*

*v. Johnson*, 466 F.3d 1213, 1214 (10th Cir. 2006); *Sheridan v. U.S.*, 214 Fed. Appx. 857, 858 (10th Cir. 2007). To the Court's best liberal interpretation, it appears the Motion is requesting the Court order Plaintiff be moved from Wyoming's Department of Corrections to Colorado's Department of Corrections.

If a pro se party's filing can reasonably be read to state a valid request, the court should do so despite a *pro se* litigant's "failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." *Id.* at 859 (quoting *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991)). Yet, "it is not . . .the 'proper function of the district court to assume the role of advocate for the *pro se* litigant.'" *Rigler v. Lampert*, 248 F.Supp.3d 1224, 1232 (D. Wyo. 2017) (quoting *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991)).

As previously noted in the Court's Orders on March 27, 2024 [ECF No. 147], March 7, 2024 [ECF No. 145], January 29, 2024 [ECF No. 142], and January 11, 2024 [ECF No. 139]; and the Court's Notice Regarding Bankruptcy Stay dated January 24, 2024 [ECF No. 140], this case is in an automatic stay based on Defendant Corizon Health, Inc. filing for bankruptcy in the Southern District of Texas [ECF No. 71]. The Court then extended that stay to the other non-bankrupt defendants, as explained in the September 20, 2023 Order [ECF No. 128] by the Honorable Alan B. Johnson. When a bankruptcy stay is in effect, the Court is prevented from ruling on any pending requests within in the case.

Therefore, Plaintiff's Motion at ECF No. 148 is hereby DENIED without prejudice. The Plaintiff may refile his Motion once the bankruptcy stay is lifted.

IT IS SO ORDERED.

Dated this 13th day of June 2024.

*Stephanie Hambrick*
STEPHANIE A. HAMBRICK
UNITED STATES MAGISTRATE JUDGE